**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARYELLEN WRIGHT, | ) No. CV 14-1209-AS |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

**PROCEEDINGS**

On June 16, 2014, Plaintiff filed a Complaint seeking review of the denial of her application for a period of disability and Disability Insurance Benefits under Title II of the Social Security Act. (Docket Entry No. 3). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 9, 11). On November 12, 2014, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 13, 14). The parties filed a Joint Stipulation ("Joint Stip.") on January 27,

2015, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 16).

The Court has taken this matter under submission without oral argument. <u>See</u> C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed June 19, 2014 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On September 19, 2011, Plaintiff, formerly employed as a receptionist and rancher, filed an application for Disability Insurance Benefits alleging an inability to work since June 26, 2011, due to increasing neck pain and a combination of orthopedic impairments, including numbness of the right lower extremity. (AR 18, 33, 159). On February 19, 2013, the Administrative Law Judge ("ALJ"), Robert Weigel, conducted a hearing and heard testimony from Plaintiff and vocational expert ("VE") Gloria J. Lasoff. (AR 26-68). On February 22, 2013, the ALJ issued a decision denying Plaintiff's application. The ALJ determined that Plaintiff had the following severe impairments: tendinitis of the bilateral knees, status post left knee replacement, status post knee arthroscopy; disc disease of the cervical spine; Achilles tendinitis, right ankle, status post fracture and open reduction internal fixation; and degenerative joint disease of the right shoulder, status post-surgical repair. (AR 16). However, the ALJ found that the Plaintiff was not disabled within the meaning of the Social Security Act. (AR 17).

On March 4, 2013, Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 7-10). The request was denied on April 22, 2014. (AR 1-6). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

### PLAINTIFF'S CONTENTIONS

Plaintiff alleges that the ALJ erred in discounting the credibility of her subjective complaints in support of her disability claim.

### DISCUSSION

### The ALJ Properly Assessed Plaintiff's Credibility

An ALJ's assessment of a claimant's credibility is entitled to "great weight." See Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). "[T]he ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). In order to determine whether a claimant's testimony is credible, the ALJ engages in a two-step analysis. Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014).

3

First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)(1988)).  In producing evidence of the underlying impairment, "the claimant need not produce objective medical evidence of the pain or fatigue itself, or the severity thereof." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996).  Instead, the claimant "need only show that [the impairment] could reasonably have caused some degree of the symptom." <u>Id.</u>

Second, once the claimant has produced the requisite objective medical evidence, the "ALJ may reject the claimant's testimony regarding the severity of her symptoms." <u>Smolen</u>, 80 F.3d at 1284. Absent affirmative evidence of malingering, however, the ALJ may only reject a plaintiff's testimony "by offering specific, clear and convincing reasons for doing so." <u>Id.</u>  In assessing a claimant's alleged symptoms, an ALJ may consider: "(1) ordinary techniques of credibility evaluation, such as claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears to be less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." <u>Id.</u>  An ALJ may also consider "the claimant's work record and observations of treating and examining physicians and other third parties." <u>Id.</u>

Here, the ALJ examined the administrative record and heard testimony from Plaintiff. Based on the record, the ALJ determined that the Plaintiff had produced objective medical evidence of underlying impairments that "could reasonably be expected to cause some of the alleged symptoms." (AR 19). However, the ALJ found that Plaintiff's "allegations concerning the intensity, persistence and limiting effects of her symptoms are less than fully credible." (AR 18).

The Court finds the ALJ's reasons for rejecting the credibility of Plaintiff's subjective testimony to be clear and convincing. First, the ALJ explained that inconsistencies between Plaintiff's statements and her daily activities undermined her credibility. (AR 50). See Molina, 674 F.3d at 1112 (the ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct). For example, Plaintiff testified that she beads for 30 minutes to one hour a day, a skill she admits requires fine motor skills. (AR 54). However, she further testified that she has coordination problems typing because she cannot get her "fingers to do what they're supposed to do." (AR 55). Plaintiff also claims that she has suffered from chronic neck pain since 1999. (AR 46, 379). However, in addition to the amount of time spent beading, Plaintiff testified that she maintains her yard, takes care of her horse, and does household chores. (AR 51).

An ALJ may rely on a claimant's activities of daily living in assessing credibility not only if the activities are directly applicable to a work setting, but also when they are inconsistent with the claimant's subjective allegations of disability. See Valentine v. Astrue, 574 F.3d 685, 693 (9th Cir. 2009) (affirming ALJ's finding that claimant's "non-work activities . . . are inconsistent with the degree of impairment he alleges."). As the ALJ noted, taking care of a horse can be physically demanding and Plaintiff's beading activities involve movements of the neck and lifting, which Plaintiff alleges worsen her symptoms. (AR 227, 232, 260).

Second, the ALJ determined that Plaintiff's treatments were not only conservative in nature but also effective in improving her symptoms. See Parra v. Astrue, 481 F.3d 742, 750—51 (9th Cir. 2007) (conservative treatment can diminish a claimant's credibility regarding the severity of an impairment); see also Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication are not disabling). Plaintiff has been prescribed Mobic as an anti-inflammatory for her neck and ankle since 2008. (AR 48, 216). She has also received Celestone steroid injections in her knee and neck. (AR 223, 328, 344). Plaintiff testified that these treatments have made a huge difference and that her "knee has improved." (AR 44, 48, 53, 225, 361).

Third, the ALJ noted that the record revealed a "significant gap" in Plaintiff's history of treatment and her treatment was inconsistent with her subjective allegations. (AR 19). Plaintiff rejected a previously recommended cervical spine surgery because she felt her symptoms were not severe enough to warrant surgery. (AR 46, 359). She testified that although she would now consider having the surgery, she cannot afford it. (AR 50, 52). While inability to pay for treatment is a valid reason for failure to obtain treatment, the Court agrees with the ALJ that the Plaintiff's decision to forego medical treatment and instead buy a house with her boyfriend (no doubt a significant expenditure) "tends to suggest that [her] alleged symptoms and limitations are not as disabling as alleged" and undermine her credibility as to those symptoms. (AR 19, 50). See Molina, 674 F.3d at 1112 (ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct). Compare Gamble v. Chater, 68 F.3d 319, 320-22 (9th Cir. 1995) (failure to obtain treatment, even if the alleged condition is remediable, is not a sufficient reason to deny benefits where the claimant suffers from financial hardships) (quoting Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1985)), with Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999) (ALJ discredited claimant's testimony that he could not afford treatment based on his decision to buy three packs of cigarettes a day). Additionally, Plaintiff did not follow recommendations for low cost treatment, such as an ankle brace, which her orthopedic surgeon, Dr. Lundeen, suggested could "give her more mileage out of her ankle on days when she is doing

7

more than her routine." (AR 225, 260). See Chaudhry v. Astrue, 688 F.3d 661, 672 (9th Cir. 2012) ("[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated.") (quoting Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (citation omitted).

Finally, the ALJ found that Plaintiff's subjective symptoms lacked support in the objective record. See Rollins v. Massanari, 261 F.3d 853, 856, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Although Plaintiff has complained of chronic neck pain since 1999 and experienced difficulties in hand coordination, (AR 54, 379), physical examinations revealed no marked symptoms of spinal stenosis. (AR 220, 360). A December 2011 palpation examination found no spinal spasms and a normal range of motion. (AR 365). A March 2012 evaluation found that despite mild hyperreflexia in the upper and lower extremities, there were no focal motor or sensory abnormalities. (AR 369).

Moreover, as the ALJ correctly noted, no restrictions were recommended by Plaintiff's treating doctors. (AR 21). An orthopedic evaluation in December 2011 found that Plaintiff could lift 50 pounds occasionally, 25 pounds frequently, stand, sit, and walk for six

hours out of an eight hour day, and had no restrictions of her use of hands for fine movements. (AR 366).

The Court finds that the ALJ provided "clear and convincing" reasons for discounting Plaintiff's testimony about the severity of her symptoms and limitations. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second guessing.").

**ORDER**

For the foregoing reasons, the decision of the Commissioner is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2015.

                                                                         /s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

9